# Exhibit A

Yongmoon Kim-026122011
Philip D. Stern-045921984
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com
*Attorneys for Plaintiff*

| | |
|---|---|
| SVETLANA LERNER, individually and on behalf of those similarly, situated,<br><br>Plaintiff,<br><br>vs.<br><br>CELENTANO, STADTMAUER & WALENTOWICZ, LLP,<br>THE VALLEY HOSPITAL,<br>and JOHN DOES 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION—ESSEX COUNTY<br><br>Civil Action<br><br>Docket No. ESX-L-_____-22<br><br><br>CLASS ATION COMPLAINT<br>AND JURY DEMAND |

Plaintiff, Svetlana Lerner, individually and on behalf of all others similarly situated, by way of Complaint against Defendant Celentano, Stadtmauer & Walentowicz, LLP ("CSW") and Defendants John Does 1-10 (collectively, the "Debt Collector Defendants"), and Defendant The Valley Hospital, says:

**I.  FACTUAL ALLEGATIONS.**

1. Lerner is a natural person.

2. CSW regularly attempts to collect debts on behalf of others.

3. On March 3, 2021, CSW filed a Collection Complaint which commenced a Collection Action in the Superior Court of New Jersey titled *The Valley Hospital v. Svetlana Lerner* and identified in that court by Docket No. BER-DC-002902-21.

4. The Collection Complaint alleged that Lerner incurred a financial obligation ("Debt") to The Valley Hospital for hospital services provided to Lerner and

Case 2:22-cv-02102-EP-CLW   Document 1-2   Filed 04/11/22   Page 3 of 13 PageID: 9

that the unpaid balance due for those services and owed by Lerner was $472.25.

5. The Debt was placed with CSW for collection after The Valley Hospital concluded that Lerner had defaulted on her financial obligations to pay it $472.25.

6. In the Collection Complaint, CSW demanded a judgment "for compensatory damages in the amount of $472.25, interest, attorney's fees, costs of suit and for such other and further relief as the court may deem to be equitable and just."

7. If, in fact, the unpaid balance due from Lerner and owed to The Valley Hospital was $472.25, The Valley Hospital was entitled to recover $472.25 and costs of suit.

8. Pursuant to N.J.S.A. 22A:2-42[1], costs of suit include a statutory attorney's fees. Thus, because the statutory attorney's fee is included in the Collection Complaint's demand for costs of suit, the Collection Complaint's separate demand for attorney's fees is a demand for either contractual attorney's fees or attorney's fees pursuant to a fee-shifting statute.

9. In fact, no basis in fact or law existed for the Collection Complaint's demand for "attorney's fees." Specifically, in response to Lerner's Interrogatory No. 2[2]

---

[1] N.J.S.A. 22A:2-42 provides, in pertinent part:

> There shall be taxed by the clerk of the Superior Court, Law Division, Special Civil Part in the costs against the judgment debtor, a fee to the attorney of the prevailing party, of five per centum (5%) of the first five hundred dollars ($500.00) of the judgment, and two per centum (2%) of any excess thereof.

[2] Interrogatory No. 2 made the following request:

> What is the factual basis for including *attorneys fees* in the Complaint's demand for a judgment against Svetlana Lerner? If the source of any information

served in the Collection Action, The Valley Hospital responded:

> VALLEY objects to this interrogatory. The question is improperly directed to Plaintiff, Valley, and would be more appropriately directed to [Valley's] counsel.

10. Based on the response to Interrogatory No. 2, The Valley Hospital did not have a claim for contractual attorney's fees or for attorney's fees under a fee-shifting statute.

11. Pursuant to *R.* 4:42-11, interest accrues on judgments, but prejudgment interest is only recoverable in tort actions. A claimant may also be entitled to interest pursuant to a contract or a statute which provides for prejudgment interest.

12. The Collection Action was not a tort action.

13. In the Collection Action, neither CSW nor The Valley Hospital produced any materials demonstrating The Valley Hospital's claim, right, or entitlement to pre-judgment interest by way of contract, statute, or otherwise.

14. On May 25, 2021, CSW filed The Valley Hospital's motion for summary judgment which included a certification in lieu of affidavit made by Yolanda Morera as The Valley Hospital's Manager of Patient Financial Services which authenticated and attached three documentary exhibits of which Exhibits A and B contained the insurance policy number for Lerner's health insurance policy.

15. When filing the summary judgment motion, CSW represented to the court that all confidential personal identifiers had been removed from the motion.

16. Pursuant to *R.* 1:38-7, an insurance policy number is a confidential

---

responsive to this Interrogatory is documentary, provide a copy of each document.

personal identifier.

17. The disclosure of a confidential personal identifier places the affected person at risk for harm including but not limited to identity theft and liability for insurance fraud.

18. After demand, CSW and The Valley Hospital consented to the entry of an Order in the Collection Action to delete Exhibits A and B and to replace them with redacted versions which did not disclose Lerner's health insurance policy number. The Order was entered on February 11, 2022.

19. Lerner is informed and believes, and on that basis alleges, that John Does 1-10 are natural persons and/or business entities who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by CSW and its employees that are the subject of this Complaint. John Does 1-10 personally control the illegal acts, policies, and practices utilized by CSW and, therefore, are personally liable for the wrongdoing alleged in this Complaint but Plaintiff does not know the true names of those persons.

## II.  CLASS ALLEGATIONS

20. Lerner brings this action individually and as a class action on behalf of all other persons similarly situated.

21. Subject to discovery and further investigation which may cause Lerner to modify the class definition to be more inclusive or less inclusive, Plaintiff defines two classes as follows:

> The "FDCPA Class" consisting of each natural person against whom Celentano, Stadtmauer & Walentowicz, LLP ("CSW") commenced a civil action in the Superior Court of New Jersey on behalf of The Valley Hospital ("Valley") in an attempt to

collect a debt allegedly owed by that person to Valley and, in that civil action, either:

(a) the complaint was filed on or after March 2, 2021 and sought or demanded recovery of "interest, attorneys fees, [and] costs;" or

(b) CSW or Valley filed a document on or after March 2, 2021 containing the number of a health insurance policy.

and

The "Injunctive Class" consisting of each natural person against whom Celentano, Stadtmauer & Walentowicz, LLP ("CSW") commenced a civil action in the Superior Court of New Jersey on behalf of The Valley Hospital ("Valley") in an attempt to collect a debt allegedly owed by that person to Valley and, in that civil action, CSW or Valley filed a document containing the number of a health insurance policy.

22. Subject to discovery and further investigation which may cause Lerner to modify the definition of the FDCPA Class's claims to be more inclusive or less inclusive, Lerner defines the FDCPA Class's claims as follows:

Claims arising under the Fair Debt Collection Practices Act based on or arising from a civil action commenced by Celentano, Stadtmauer & Walentowicz, LLP in the Superior Court of New Jersey on behalf of The Valley Hospital.

23. Subject to discovery and further investigation which may cause Lerner to modify the definition of the Injunctive Class's claims to be more inclusive or less inclusive, Lerner defines the Injunctive Class's claims as follows:

Claims arising under from the filing of a document containing a health insurance policy number in a civil action commenced by Celentano, Stadtmauer & Walentowicz, LLP in the Superior Court of New Jersey on behalf of The Valley Hospital.

24. Based on discovery and further investigation (including but not limited to

the class size and the net worth of the Debt Collector Defendants), Lerner may, in addition to moving for class certification using modified definitions of the FDCPA Class or the Injunctive Class or of either class's claims, seek class certification only as to particular issues.

25. Based on a search through eCourts, Lerner's counsel has identified approximately sixty lawsuits commenced by CSW on behalf of The Valley Hospital in which CSW demanded recovery of interest and attorney's fees.

26. The identity of each member of each Class is readily ascertainable from Defendants' records.

27. This action has been brought, and may properly be maintained, as a class action because there is a well-defined community interest in the litigation in that:

> 27.01. *Numerosity.* Lerner is informed and believes, and on that basis alleges, that the members of the Class are so numerous that joinder of all members would be impractical. On information and belief, there are at least 40 members of the Class.
>
> 27.02. *Commonality.* Common questions of law and fact exist as to all members of the Class including Defendants' conduct as described in the **Allegations of Fact** was the same or substantially similar with respect to Defendants' attempts to collect debts from Lerner and the members of the Class.
>
> 27.03. *Typicality.* Lerner's claims are typical of the claims of the class members. Lerner and all members of the Class have claims arising out of Defendants' common and uniform course of conduct with respect to each

of them as set forth in the **Allegations of Fact**.

27.04.   *Adequacy.* Lerner will fairly and adequately protect the interests of the class members insofar as Lerner has no interests that are known or believed to be adverse to the absent class members. Lerner is committed to vigorously litigating this matter. Lerner has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Lerner and Lerner's counsel have no interests which might cause them not to vigorously pursue the instant class action lawsuit.

28.   This action may be maintained as a "B1a-class", a "B2-class", a "B3-class", or a hybrid of any two or all three types however, at the time of commencing this action, Plaintiff expects to maintain the class under B2 and B3.

**III.   FIRST COUNT FOR RELIEF UNDER THE FAIR DEBT COLLECTION PRACTICES ACT.**

29.   Lerner realleges and incorporates by reference the **Allegations of Fact**.

30.   Lerner is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

31.   CSW is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

32.   Each of the fictitiously named John Does 1-10 is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

33.   The Debt Collector Defendants failed to comply with the FDCPA with respect to Lerner.

34.   The Debt Collector Defendants failed to comply with the FDCPA with respect to each member of the Class.

35.   Applying the law to the **Allegations of Fact**, the Debt Collector Defendants' failure to comply with the FDCPA includes but is not limited to 15 U.S.C.

§§ 1692d, 1692e, and 1692f which respectively prohibits the use of: (*i*) any conduct the natural consequence of which is to harass, oppress, abuse any person in connection with the collection of a debt, (*ii*) the use of false, deceptive, or misleading means or representations in connection with the collection of any debt, and (*iii*) unfair or unconscionable means to collect or attempt to collect a debt.

36. Based on any one violation of the FDCPA, the Debt Collector Defendants are liable to Plaintiff and, if this case is maintained as a class action under *R*. 4:32, to the Class, for monetary relief as provided for under 15 U.S.C. § 1692k(a) (including but not limited to attorney's fees) and for injunctive relief as provided for under *Loigman v. Kings Landing Condo. Ass'n, Inc.*, 324 N.J. Super. 97, 108 (Ch. Div. 1999).

**IV.    SECOND COUNT FOR INJUNCTIVE RELIEF COURT RULE 1:38-7(g).**

37. Lerner realleges and incorporates by reference the **Allegations of Fact**.

38. Defendants violated Court Rule 1:38-7(b) because they submitted to the court in the civil action commenced by CSW to collect a debt allegedly owed to The Valley Hospital a document which set forth a confidential personal identifier—specifically, an insurance policy number.

39. Pursuant to Court Rule 1:38-7(g)(1), a party or other interested person may request that the court replace a document that contains confidential personal identifiers contrary to R. 1:38-7(b) with a redacted version.

40. Pursuant to Court Rule 1:38-7(g)(2), if the court is satisfied that the confidential personal identifier should not be in the document, it may order that the court may direct the clerk to replace the original unredacted document with a redacted document.

41. Pursuant to Court Rules 1:38-7(g)(2) and (3), the obligation to provide the

clerk with the redacted document rests with the party that submitted the document containing the confidential personal identifiers (in this case, The Valley Hospital) or the attorney for that party (in this case, CSW).

### V. PRAYER FOR RELIEF.

42. WHEREFORE, Plaintiff Svetlana Lerner, respectfully requests that the Court enter judgment as follows:

42.01. With respect to the First Count, judgment against Defendant Celentano, Stadtmauer & Walentowicz, LLP and Defendants John Does 1-10, jointly and severally, for the following:

(A) Certifying that the First Count may be maintained as a class pursuant to *R.* 4:32 including defining the FDCPA Class, defining its claims, and appointing Lerner's attorneys as class counsel;

(B) Awarding statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

(C) Awarding of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

(D) Adjudging this action to be a successful action under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses;

(E) Awarding costs of suit as allowed by law; and

(F) For such other and further relief as may be just and proper.

42.02. With respect to the Second Count, judgment against all Defendants as follows:

(A) Certifying that the Second Count may be maintained as a class pursuant to *R.* 4:32 including defining the Injunctive Class, defining its claims, and appointing Lerner's attorneys as class counsel;

(B) Enjoining and compelling Defendants to supply the clerk with a redacted version of the documents filed by them in the actions they brought against Plaintiff and the members of the Class which contained a confidential personal identifier;

(C) Awarding attorney's fees based on the value of the injunctive relief;

(D) Awarding costs of suit as allowed by law; and

(E) For such other and further relief as may be just and proper.

**VI.  JURY DEMAND.**

43. Demand is hereby made for trial by jury.

Kim Law Firm LLC
*Attorneys for Plaintiff, Svetlana Lerner*

Dated: March 2, 2022

*s/ Philip D. Stern*
*Philip D. Stern*

**VII.  DESIGNATION OF TRIAL COUNSEL**

Pursuant to *R.* 4:25-4, Yongmoon Kim is designated as trial counsel for Plaintiff.

**VIII.  CERTIFICATION**

Pursuant to Rule 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding

contemplated.

   I hereby certify that pursuant to Rule 1:38-7: All confidential identifiers of the parties to this action have been redacted from all documents or pleadings submitted to the Court.

|  |  |
|---|---|
| Dated: March 2, 2022 | *s/ Philip D. Stern* <br> *Philip D. Stern* |

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-001440-22

**Case Caption:** LERNER SVETLANA VS CELENTANO STADTMAUER & WALEN
**Case Initiation Date:** 03/02/2022
**Attorney Name:** PHILIP D STERN
**Firm Name:** KIM LAW FIRM LLC
**Address:** 411 HACKENSACK AVE STE 701 HACKENSACK NJ 07601
**Phone:** 2012737117
**Name of Party:** PLAINTIFF : Lerner, Svetlana
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** COMPLEX COMMERCIAL
**Document Type:** NJ eCourts Case Initiation Confirmation
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Svetlana Lerner?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
This putative class action seeks monetary and equitable relief.

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/02/2022
Dated

/s/ PHILIP D STERN
Signed